IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN D. POWELL,

        Plaintiff,

v.

CAPTAIN D'S, LLC,                                               Case No.  23-2281-JWB

        Defendant

v.

DARLING INGREDIENTS, INC.,

        Third-Party Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Captain D's motion for summary judgment. (Doc. 78.) The motion is fully briefed and ripe for decision. (Docs. 79, 80, 84.) The motion is DENIED for the reasons stated herein.

Plaintiff was an employee of GFL Environmental, Inc. ("GFL") at the time of the events surrounding this cause of action and operated a trash truck for his employer. Defendant Captain D's is a restaurant located in Kansas City, Kansas. Defendant had a dumpster and grease bin enclosed in a corral in its parking lot. (Doc. 77 at 2.) Defendant and Third-Party Defendant Darling Ingredients had an agreement under which Darling was to remove all inedible used oil from the premises. Those services were performed on August 5, 2021, August 31, 2021, and September 21, 2021. On September 2, 2021, Plaintiff was working when he slipped on grease in front of the corral doors and fell. Plaintiff brought this action against Defendant asserting a claim of negligence and seeking damages due to his injuries from the fall. Defendant moved for

1

summary judgment on the basis that Plaintiff knew of the open and obvious unsafe condition in front of the trash corral and, therefore, Defendant owed no duty to Plaintiff.

The court finds that there are genuine disputes of material fact for the jury to decide. Defendant has put forth evidence that Plaintiff knew there was grease on the ground on September 2, he had previously complained of the grease to his employer, and a co-worker (Ronald Smith) testified that between May and September 2021 there was always grease on the ground in front of the corral.  (Doc. 79 at 3–4.)  This evidence suggests that Plaintiff knew there was an open and obvious danger in front of the dumpster on the evening of September 2.  However, Plaintiff has put forth evidence that it was difficult to see in the early morning hours when he was removing the trash because it was raining and the light from his headlights was blocked by the left door of the corral at the time he slipped and fell.  (Doc. 81, Exh. A.)  Therefore, the court finds that this question is one for the jury.  *See Gregory v. Creekstone Farms Premium Beef, LLC*, 728 F. App'x 824, 827 (10th Cir. 2018) (discussing that the question of whether a condition is a known or obvious danger is a fact question for the jury).

Moreover, even if the court were to conclude that there was not a genuine dispute of fact that the danger was open and obvious, Defendant has a "duty to minimize the risk of an open and obvious danger when there is reason to expect that an invitee will be distracted, will forget the discovered danger, or will fail to protect against the danger." *See Crowe v. True's IGA*, LLP, 32 Kan. App. 2d 602, 607, 85 P.3d 1261, 1266 (2004).  Whether Defendant breached that duty is a factual issue for the jury.  *Id.*  In this case, there are sufficient facts to present to the jury.  The evidence on summary judgment is that one of Defendant's employees inspected the parking lot daily and Defendant was supposed to remove grease in front of the dumpster doors at least once a week.  (Doc. 80 at 3.)  The general manager, however, had no recollection of when that area was

last cleaned.  (*Id.*)  Further, there is evidence that the area in front of the dumpster remained the same from May to September 2021.  Therefore, a jury could conclude that Defendant had knowledge of the grease spill but did not take action to remove the danger.  Further, contrary to Defendant's position, Plaintiff could not avoid the danger as he had to go through that area in order to do his job and remove the trash from the dumpster.  *See Crowe*, 32 Kan. App. 2d at 608 ("This was not a situation where Crowe could have avoided the gasoline spill when retrieving her car."); *see also Scales v. St. Louis-San Francisco Ry. Co.*, 2 Kan. App. 2d 491, 498, 582 P.2d 300, 306 (1978) ("In the instant case, we question what choice appellee had other than quitting his job.") Moreover, the evidence is that the trash is removed in the early hours of the morning when it is still dark outside and that Plaintiff could be distracted by concentrating on another task, such as shutting the corral door.  As such, a jury could conclude that Defendant had a duty to warn or to minimize the danger.  *See Miller v. Zep Mfg. Co.*, 249 Kan. 34, 45, 815 P.2d 506 (1991) (applying the exception to an open and obvious danger when the defendant had reason to believe the plaintiff could be distracted when encountering the condition while performing tasks the landowner had requested).

Defendant's motion for summary judgment (Doc. 78) is DENIED.  Plaintiff's motion for leave to file a sur-reply (Doc. 85) is GRANTED.  Due to a scheduling conflict, trial is reset to September 8, 2025.

IT IS SO ORDERED.  Dated this 19th day of February, 2025.

    s/ John W. Broomes  
    JOHN W. BROOMES  
    UNITED STATES DISTRICT JUDGE